UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:09-cv-00012-OWW-SMS |
| | ) | |
| Plaintiff, | ) | ORDER VACATING HEARING ON |
| | ) | PLAINTIFF'S MOTION FOR DEFAULT |
| vs. | ) | JUDGMENT AND DEEMING MATTER |
| | ) | SUBMITTED FOR DECISION (DOC. |
| 2005 Infiniti QX56, VIN: | ) | 30) |
| 5N3AA08A25N806191, License | ) | |
| Number 6AEJ980, et al., | ) | **Vacated hearing date:** |
| | ) | **October 30, 2009** |
| Defendants. | ) | **Time: 9:30 a.m.** |
| | ) | |

FINDINGS AND RECOMMENDATIONS RE: PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. 30)

ORDER DIRECTING PLAINTIFF TO SERVE THESE FINDINGS AND RECOMMENDATIONS ON ALL POTENTIAL CLAIMANTS AND FILE A PROOF OF SERVICE

Plaintiff is proceeding with an action for forfeiture in this Court. Pending before the Court is Plaintiff's ex parte motion for default judgment, filed on August 7, 2009, with a supporting declaration of Elisa Rodriguez, which proceeds before

1

a Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 72-302(c)(19).

## I. Vacating the Hearing on the Motion

Pursuant to Rule 78-230(h) of the Local Rules of Practice for the United States District Court, Eastern District of California, the Court finds that the Plaintiff's ex parte motion for default judgment is a matter that may appropriately be submitted upon the record and briefs, including the Plaintiffs' motion, supporting memorandum of points and authorities, and declaration of Elisa Rodriguez filed on August 7, 2009.

Accordingly, the hearing on the motion, presently set for October 30, 2009, IS VACATED, and the motion IS DEEMED SUBMITTED to the Court for decision.

## II. Service of the Findings and Recommendations

The remainder of this document constitutes the Court's findings and recommendations with respect to Plaintiff's motion for default judgment.

Plaintiff IS DIRECTED to serve the findings and recommendations on all potential claimants to Defendant property, including Jorge Leal, Elisa Leal, Johanna Leal, and Vanessa Leal, and to file proof of such service no later than ten days after the date of service of this order.

## III. Motion for Default Judgment

### A. Legal Standards

A court has the discretion to enter a default judgment against one who is not an infant, incompetent, or member of the armed services where the claim is for an amount that is not certain on the face of the claim and where (1) the defendant has

2

been served with the claim; (2) the defendant's default has been entered for failure to appear; (3) if the defendant has appeared in the action, the defendant has been served with written notice of the application for judgment at least three days before the hearing on the application; and, (4) the court has undertaken any necessary and proper investigation or hearing in order to enter judgment or carry it into effect. Fed. R. Civ. P. 55(b); <u>Alan Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1392 (9th Cir. 1988). Factors that may be considered by courts in exercising discretion as to the entry of a default judgment and as to setting aside a default include the nature and extent of the delay, <u>Draper v. Coombs</u>, 792 F.2d 915, 924-925 (9th Cir. 1986); the possibility of prejudice to the plaintiff, <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir.1986); the merits of plaintiff's substantive claim, <u>id.</u>; the sufficiency of the allegations in the complaint to support judgment, <u>Alan Neuman Productions, Inc.</u>, 862 F.2d at 1392; the amount in controversy, <u>Eitel v. McCool</u>, 782 F.2d at 1471-1472; the possibility of a dispute concerning material facts, <u>id.</u>; whether the default was due to excusable neglect, <u>id.</u>; and, the strong policy underlying the Federal Rules of Civil Procedure that favors decisions on the merits, <u>id.</u>

With respect to default judgments in proceedings that are in rem actions for forfeiture, both the general Federal Rules of Civil Procedure and the Supplemental Rules for Certain Admiralty and Maritime Claims (Supp. R.) apply, but the latter rules prevail if there is an inconsistency. Supp. R. A(1). Supp. R. G(1) provides that the rule governs a forfeiture action in rem

arising from a federal statute; to the extent that Rule G does not address an issue, Supp. Rules C and E also apply. Supplemental Rule G, which took effect on December 1, 2006, incorporates a common-sense approach to notice grounded in defined and recognized principles of due process of law. Supp. Rule G, Adv. Comm. Note on 2006 Adoption. The Advisory Committee Note indicates that the rule was added to bring together the central procedures governing civil forfeiture actions; it also states that the rule generally applies to actions governed by the Civil Asset Forfeiture Reform Act of 2000 (CAFRA) as well as those excluded from it; thus, the intended scope of application is very broad. The rule permits flexibility as to the time of service of any warrant and supplemental process. Id. The provisions for notice incorporate the traditional means of publication and adopt the general principle that notice should be effectuated by means reasonably calculated to reach potential claimants at a cost reasonable in the circumstances, and actual notice precludes a challenge to the government's failure to comply with the specific requirements of the rule set forth in Rule G (4)(b). Id.

### B. The Court's Findings

#### 1. Notice

The amended declaration of publication of Autumn Magee (Doc. 31) filed on August 7, 2009, establishes that a notice with the contents required by Supp. R. G(4)(a) was published on the official government internet site for thirty consecutive calendar days as required by Supp. R. G(4)(a)(iv)(C).

With respect to the notice to persons reasonably appearing

4

to be potential claimants that is required by Supp. R. G(4)(B), the verified complaint identifies Defendant vehicles that were seized on or about August 13, 2008, by the FBI, and that are presently in the custody of the United States Marshal, as 1) a 2005 Infiniti QX56, VIN 5N3AA08A25N806191 (Defendant Infiniti SUV), seized at 1656 Barstow Avenue, Clovis, California; 2) a 2004 BMW 545i, VIN WBANB33564B107506 (Defendant 2004 BMW), seized at 28542 Pittman Hill Road in Clovis, California; and 3) a 2001 Mercedes Benz, VIN WDBNG78J21A194676 (Defendant 2001 Mercedes), seized at 28542 Pittman Hill Road in Clovis, California.

With respect to Jorge Leal, who resided at both 28542 Pittman Hill Road and 1656 Barstow Avenue in Clovis, and who was making payments on the Defendant 2001 Mercedes (Cmplt. ¶¶ 8, 15), the declaration of Elisa Rodriguez (Doc. 30-2) and the Marshal's service return (Decl., Ex. G; Doc. 15) establish that Jorge Leal was personally served with the pertinent documents on January 26, 2009. Thus, the notice to Jorge Leal complied with the requirements of Supp. R. G(4)(b).

With respect to the other potential claimants,[1] it does not appear that notice amounting to service of process that would be legally sufficient to constitute service under Fed. R. Civ. P. 4 was effected upon Elisa, Johanna, or Vanessa Leal. However, they were given notice that complies with Supp. R. G(4). The

---

[1] Elisa Leal was the wife of Jorge Leal; she had been observed driving the Defendant 2005 Infiniti SUV, and she was the person to whom the 2004 BMW was registered. (Cmplt. ¶¶ 9, 12). Johanna Leal was the adult daughter of Jorge Leal; her personal documents, including a receipt for the cash purchase of a 2007 BMW convertible for a price of approximately $72,000, were found at the Pittman residence along with papers related to her father. Vanessa Leal was another adult daughter who had not worked for the past two years. (Cmplt. ¶¶ 13-14, 18.)

5

1 appropriate documentation was delivered by the Marshal to the
2 porch of the house at the Pittman address (the last known address
3 of Elisa, Johanna,, and Vanessa Leal) for all three persons on
4 January 22, 2009. (Doc. 14.) The documents were mailed to the
5 three persons at the Pitman Hill address on January 12, 2009.
6 (Rodriguez Decl., ¶¶ 3-5.) This notice was sent by means
7 reasonably calculated to reach to potential claimants and
8 complies with Supp. R. G(4)(b)(iii)((A), (D), and (E).

9   Further, the internal documentation of the United States
10 attorney's Office and the Marshal's Service are consistent with
11 the receipt of actual notice. The supporting declaration of Elisa
12 Rodriguez, based on personal knowledge, details the contact by
13 the Marshal's Service with Johanna and Vanessa Leal, which
14 resulted in the Leal's confirmation that all parties had received
15 copies of the relevant process. (Decl. ¶ 11.) Further, a memo to
16 file dated February 12, 2009, from Anne Gaskins, Deputy United
17 States Marshal, reflects that on February 11, 2009, Deputy
18 Gaskins called Johanna and Vanessa Leal at a specified telephone
19 number, and they both confirmed that all parties received copies
20 of the process. An additional notation reflected that paralegal
21 Autumn Magee at the Assistant United States Attorney's Office in
22 Fresno had confirmed to Gaskins in a telephone conversation that
23 Magee received a call from the Leals indicating that they did
24 receive the paperwork. (Decl., Ex. I.) With respect to Johanna
25 Leal, a confirming letter to her from Autumn Magee reflects that
26 on or about February 4, 2009, the government granted Johanna
27 Leal's request for an extension of time to March 6, 2009, in
28 which to file a claim and answer. (Decl. Rodriguez, ¶ 10, Ex. H.)

6

The Court finds that as to Jorge Leal (from whom the Defendant 2005 Infiniti SUV was seized [Cmplt. ¶ 12]) and as to Johanna Leal (from whom the other Defendant vehicles were seized [Cmplt. ¶¶ 13-14]), Jorge Leal was personally served as required by Local Rule A-540(a), and Johanna Leal received actual notice and thus, pursuant to Supp. R. G(4)(b)(v), may not oppose or seek relief from forfeiture because of a failure of notice. It has likewise been demonstrated that the remainder of the claimants also received actual notice.

The Court concludes that Plaintiff has demonstrated that it has given notice by publication and the notice required to be given to potential claimants by Rule G(4).

### 2. <u>Notice of Judgment Sought and of Motion for Default Judgment</u>

#### a. <u>Judgment Sought</u>

The Court concludes that the notice given of the judgment sought satisfied Fed. R. Civ. P. 55(d) and 54(c), which require that a judgment by default shall not be different in kind from the relief sought, or exceed in amount that prayed for, in the demand for judgment. Plaintiff expressly sought in the complaint the types of relief sought by the instant application for default judgment, including a judgment of forfeiture of the Defendant currency to the Plaintiff United States. (Cmplt. p. 6.)

#### b. <u>Motion for Default Judgment</u>

The application for default judgment before the Court was filed on an ex parte basis and thus was not served on the Defendant property or on any persons who might reasonably appear to be potential claimants.

7

Here, although there was informal contact between the government and potential claimant Johanna Leal, the contact related only to an extension of time to file any claim or answer. No claim or answer was filed, and there are no later indications that Johanna or any other potential claimant sought or intended to defend this action on the merits. Accordingly, no notice pursuant to Fed. R. Civ. P. 55(b)(2) is necessary. See, In re Roxford Foods v. Ford, 12 F.3d 875, 879-81 (9th Cir. 1993).

### 3. Default and Entry of Default

The declarations and the Court's docket demonstrate that no person or entity made a claim or answered the complaint within the requisite thirty-day period for filing a claim of 18 U.S.C. § 983(a)(4)(A) and Supp. R. G(5), and/or within the twenty-day period set forth in Supp. R. G(5) for filing an answer thereafter. Therefore, the Clerk appropriately entered the default of all four potential claimants on April 7, 2009.

### 4. Legal Sufficiency of the Complaint

#### a. Legal Standards

A default judgment generally bars the defaulting party from disputing the facts alleged in the complaint, but the defaulting party may argue that the facts as alleged do not state a claim. Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392. Thus, well pleaded factual allegations, except as to damages, are taken as true; however, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default. Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1267 (9th Cir. 1992); TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).

Under the Civil Asset Forfeiture Reform Act (CAFRA), which applies to this case, the government must prove by a preponderance of evidence that the property is subject to forfeiture. 18 U.S.C. § 983(c)(1). Further, if the government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the government shall establish that there was a substantial connection between the property and the offense. § 983(c)(3).

Supp. Rule G(2) requires that the complaint in a forfeiture action in rem arising from a federal statute be verified; state the grounds for subject-matter jurisdiction, in rem jurisdiction over the Defendant property, and venue; describe the property with reasonable particularity; identify the statute under which the forfeiture action is brought; and state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

### b. The Complaint

The complaint filed in this action was verified.

The bases for jurisdiction are identified as 28 U.S.C. §§ 1345 and 1355 (jurisdiction of civil proceedings commenced by the United States or an agency or officer thereof, and of actions to recover or enforce penalties or forfeitures under acts of Congress, respectively) and 21 U.S.C. § 881(a)(6) (subjecting to forfeiture all money or other things of value furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange, and money used to facilitate any violation of the subchapter). (Cmplt. ¶¶ 1, 3.)

1   The bases of venue are identified as 28 U.S.C. § 1395
2  (placing venue for a civil forfeiture proceeding where the
3  property is found) and 21 U.S.C. § 881(j) (placing venue in the
4  place where there is found the owner of property who is charged
5  with a violation that is the basis for forfeiture of the property
6  or where the criminal prosecution is brought). (Cmplt. ¶ 4.)
7   The property is described with reasonable particularity.
8   It is stated that the Plaintiff United States proceeds
9  pursuant to 21 U.S.C. § 881(a)(6), and that the Defendant
10 properties, seized in August 2008 in Clovis, California,
11 constitute money or other things of value furnished or intended
12 to be furnished in exchange for a controlled substance or listed
13 chemical, proceeds traceable to such an exchange, and/or money
14 used or intended to be used to facilitate one or more violations
15 of 21 U.S.C. § 841 et seq. (Cmplt. ¶¶ 1-2.)
16   In the complaint there are alleged sufficiently detailed
17 facts to support a reasonable belief that the government would be
18 able to meet its burden of proof at trial. Controlled buys of
19 large quantities of methamphetamine from Jorge Leal at his
20 residence in December 2007, follow-up investigation and
21 surveillance, and a search of the two residences of the Leals
22 revealed over seventeen grams of methamphetamine and a loaded
23 firearm at the Barstow residence, and materials concerning
24 manufacture of methamphetamine at the Pittman Hill Road
25 residence. (Cmplt. ¶¶ 12-13.) EDD records revealed that Jorge
26 Leal had not worked for two years, Elisa had been receiving
27 disability compensation for the past year, and neither Johanna
28 nor Vanessa had worked for two years; tax documents, public

10

records, and evidence et the homes revealed that the Leal family would not be able to afford the luxury vehicles without drug proceeds as income. (Cmplt. ¶ 18.)

These facts support a reasonable inference that the expensive vehicles were subject to forfeiture as proceeds/property traceable to proceeds or as property intended to be used to facilitate other violations. The totality of the circumstances reflects that a substantial connection between the property and the related drug offenses (violations of 21 U.S.C. §§ 841()(1) and 841(b)(1)(A)) was demonstrated.

### 5. Status of Potential Claimants and Discretionary Factors

Here, no one has claimed an interest in the Defendant property or otherwise responded to the complaint despite adequate notice. It does not appear that there is any risk of mistake or excusable neglect on the part of anyone with a potential interest in the property or of a dispute as to a material fact essential to the government's case. No just cause for delay appears. It is apparent from the declarations submitted to the Court that none of the potential claimants is an infant, incompetent, or member of the armed services. There does not appear to be any reason why the general policy in favor of a decision on the merits would warrant refusing to enter the requested default judgment.

Accordingly, the Court finds that Plaintiff has shown its entitlement to a default judgment of forfeiture.

### 6. Form of the Judgment

A successful plaintiff in a forfeiture action is entitled to a judgment against the property, Waterloo Distilling Corp. v.

U.S., 282 U.S. 577, 581 (1931), affecting the interests of all persons in the property, Hanson v. Denkla, 357 U.S. 235, 246 n.12 (1958).

IV. Recommendation

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's motion for default judgment be GRANTED;

2. Plaintiff is entitled to, and the Clerk be directed to enter, a judgment that:

   (a) The interest/s of Jorge Leal, Elisa Leal, Johanna Leal, and Vanessa Leal in the Defendant properties are CONDEMNED and FORFEITED to the United States of America; and

   (b) The right, title, and interest of all potential claimants in the Defendant property, including but not limited to Jorge Leal, Elisa Leal, Johanna Leal, and Vanessa Leal, are FORFEITED to the United States of America pursuant to 21 U.S.C. § 881(a)(6), and are VESTED in the United States; and,

   (c) All persons claiming any right, title, or interest in or to the Defendant property have DEFAULTED and no longer have any right, title, or interest in the Defendant property whatsoever; and,

3. The Clerk of Court ENTER final judgment of forfeiture for Plaintiff United States of America.

These findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **thirty (30) days** after being served with a copy, any party may file written objections

with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   October 26, 2009**                     /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE